UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| STEPHANIE CUNNINGHAM, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 3:15-cv-00805 |
| | ) | JUDGE CRENSHAW |
| VOLUNTEER CORPORATE CREDIT UNION, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Set Aside the final judgment under Federal Rules of Civil Procedure 59 and 60(b)(1). (Doc. No. 34.) For the following reasons, Plaintiff's motion is **DENIED**.

On August 5, 2016, Defendant filed a motion for summary judgment, asking the Court to dismiss this case in its entirety. (Doc. No. 25.) On September 6, 2016, Plaintiff, through counsel Andy Allman, filed a motion for extension of time to file a response to the motion for summary judgment, asking to be allowed to file a response on or before September 20, 2016. (Doc. No. 30.) The next day, the Court granted Plaintiff's motion as requested. (Doc. No. 31.) However, Plaintiff's counsel failed to calendar the extension of time, and failed to file a response. (Doc. No. 34.) On September 28, 2016, the Court deemed the Statement of Undisputed Facts (Doc. No. 28) admitted without a response, pursuant to Local Rule 56.01(g), and granted Defendant's motion. (Doc. No. 32.)

On September 30, 2016, Plaintiff's counsel filed the instant motion citing "inadvertent mistake due to calendaring error." (Doc. No. 34.) On October 3, 2016, Defendant filed a response, asking the Court to deny the motion because Plaintiff has not shown excusable neglect. (Doc. No.

35.) In the meantime, the Tennessee Supreme Court suspended Plaintiff's counsel from the practice of law. (Doc. No. 36.) As a result, the Court held the instant motion in abeyance until November 14, 2016, to allow Plaintiff to supplement Mr. Allman's motion if necessary. (Id.) Plaintiff declined to supplement the motion, but instead relies on the response Mr. Allman filed on her behalf. (Id.)

Plaintiff claims she files this motion under Federal Rules of Civil Procedure 59 and 60(b)(1). The only provision of Rule 59 that would allow the Court to review an order granting summary judgment is Rule 59(e). See Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982) (treating a motion for reconsideration as filed under Rule 59(e)). A district court may grant a Rule 59(e) motion: "(1) to correct a clear error of law; (2) to account for newly discovered evidence or an intervening change in the controlling law; or (3) to otherwise prevent manifest injustice." CGH Transport, Inc. v. Quebecor World, Inc., 251 Fed. Appx. 817, 823 (6th Cir. Jan. 8, 2008) (citing GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999)). Under Rule 60(b)(1), the court may relieve a party or a party's legal representative from final judgment, order, or proceeding if the plaintiff can prove: (1) mistake, inadvertence, surprise, or excusable neglect; and (2) that she had a meritorious defense. Burnley v. Bosch Americas Corp., 75 Fed. Appx. 329, 332 (6th Cir. 2003) (quoting Marshall v. Monroe & Sons, Inc., 615 F.2d 1156, 1160 (6th Cir. 1980)).

Here, Plaintiff does not argue that there is a need to correct a clear error of law, to account for newly discovered evidence or an intervening change in the controlling law, or to otherwise prevent manifest injustice as required under Rule 59. (Doc. No. 34.) Therefore, the Court denies Plaintiff's motion as to Rule 59.

Plaintiff also has not shown any mistake, inadvertence, surprise, or excusable neglect in support of her Rule 60 motion. Plaintiff does not argue that there is any mistake, inadvertence, or surprise. Plaintiff's counsel only argues, without explanation, that he failed to calendar his requested extension of time to respond to the summary judgment motion. Failure to file a timely response to a motion for summary judgment is inexcusable neglect, which is not a ground for relief under Rule 60. Broach v. City of Cincinnati, 244 Fed. Appx. 729, 734 (6th Cir. Aug. 9, 2007); Kendall v. Hoover Co., 751 F.2d 171, 175 (6th Cir. 1984). Therefore, Plaintiff has not proven excusable neglect.

Further, Plaintiff does not prove that she was prejudiced by any alleged-excusable neglect. Plaintiff still has not filed a response to the Statement of Undisputed Facts or a memorandum in opposition to Defendant's motion for summary judgment. As stated in the Court's previous Order, the Court deemed those facts as undisputed and made a de novo determination that summary judgment was appropriate. (Doc. No. 32.) Without responding to the Statement of Undisputed Facts, Plaintiff cannot prove that she was prejudiced by her counsel's failure to file a response to summary judgment because the record currently shows that she admits all the facts contained in the Statement of Undisputed Facts.

For the foregoing reasons, Plaintiff's Motion to Set Aside the Court's Order Dismissing her Case (Doc. No. 34) is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE